**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**
**KANSAS CITY**

| | | |
|---|---|---|
| **ESTATE OF CLJC** | ) | |
| | ) | |
| | ) | |
| **&** | ) | |
| | ) | |
| **CARLA CRAWFORD** | ) | |
| | ) | **Case No. 2:23-CV-2134** |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CITY OF JOPLIN** | ) | |
| | ) | |
| **&** | ) | |
| | ) | |
| **CHEROKEE COUNTY, KANSAS** | ) | |
| | ) | |
| **&** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **CITY OF BAXTER SPRING** | ) | |
| | ) | |
| **&** | ) | |
| | ) | |
| **SNIPER ONE** | ) | |
| | ) | |
| Defendant. | ) | |

---

## COMPLAINT

Comes Now the Estate of CLJC, by and through the Personal Representative /

Administratrix of the Estate, and Carla Crawford, by and through their counsel, and for their

Complaint states as follows:

1. This action relates to a hostage situation in Baxter Springs, Kansas and Cherokee

   County, Kansas on March 26, 2022.

2. Venue is proper in this Court as a substantial amount of the events occurred in Kansas.

3. This Court has subject matter jurisdiction in that this Complaint raises questions of federal law.

4. The Court has personal jurisdiction over all Defendants.

5. On March 26, 2022, CLJC (hereinafter referred to as "CLJC") was a two-year-old child.

6. On March 26, 2022, CLJC was shot and killed by Defendant Sniper One ("Sniper One").

7. Plaintiff Estate of CLJC ("Estate") is the probate estate of CLJC, which was filed and is being administered in Cherokee County, Kansas. Carla Crawford is duly appointed as the personal representative / administratrix (hereinafter referred to as "Administratrix") of the Estate.

8. Administratrix brings causes of action on behalf of the Estate.

9. Defendant City of Joplin ("Joplin") is a Missouri municipal government entity. Joplin operates a police department and employs a number of persons to work for the police department and/or in the law enforcement capacity.

10. On March 26, 2022, Sniper One was employed by Joplin as a law enforcement officer, acting within the course and scope of Sniper One's employment, and was acting under the color of law at the time of these incidents.

11. Defendant Cherokee County, Kansas ("Cherokee") is a Kansas municipal government entity. Cherokee operates a law enforcement agency and employs a number of

persons to work for the law enforcement agency and/or in the law enforcement capacity.

12. Defendant City of Baxter Springs ("Baxter Springs") is a Kansas municipal government entity. Baxter Springs operates a police department and employs a number of persons to work for the police department and/or in the law enforcement capacity.

13. At all times herein, the employees, officials, representatives, and agents of Joplin, Cherokee, and Baxter Springs were acting within the course and scope of their employment and under the color of law.

14. On March 26, 2022:

    a.  CLJC's father was involved in a shooting to which Baxter Springs and Cherokee law enforcement responded;

    b.  CLJC's father was barricaded alone inside a small residence/trailer with CLJC;

    c.  Cherokee and/or Baxter Springs requested the assistance of Joplin law enforcement officers;

    d.  Joplin sent law enforcement officers, including Joplin's SWAT team, Sniper One, and hostage negotiator(s);

    e.  Cherokee, Joplin, Baxter Springs, and Sniper One knew that CLJC was inside the trailer;

    f.  Cherokee, Joplin, Baxter Springs, and Sniper One knew that the description of two-year-old CLJC and physical appearance of CLJC was vastly different than her adult father;

g.  Two-year-old CLJC had done nothing wrong, had not violated any law, and was not suspected of any wrongdoing whatsoever;

h.  CLJC's father had been demanding that a family member be allowed to get CLJC out of the trailer for purposes of keeping her safe;

i.  Sniper One fired a shot into the trailer striking CLJC in the head and killing her.

## COUNT I – Violation of 42 U.S.C. 1983

### *Estate v. Joplin, Cherokee, and Baxter Springs*

15. On March 26, 2022, Defendants Joplin, Cherokee, and/or Baxter Springs violated one or more of CLJC's clearly established fundamental civil rights of:

    a.  Right to be free from unreasonable seizure;

    b.  Right to bodily integrity;

    c.  Right to be free from cruel and unusual punishment; and/or

    d.  Right to not be deprived of life without due process of law.

16. Baxter Springs, Joplin, and Cherokee failed to adequately train the involved employees, including Sniper One, to handle the situation involved with this case.

17. Baxter Springs, Joplin, and Cherokee had multiple supervisors on scene and the supervisors failed to properly supervise the situation, including supervising Sniper One.

18. Sniper One was acting as an agent and/or representative of Joplin, Cherokee, and Baxter Springs at the time of these incidents.

19. As a result of the acts and omissions by Baxter Springs, Cherokee, and Joplin, CLJC died.

20. CLJC suffered severe physical injury causing death.

21. CLJC suffered severe pain and suffering.

22. As a direct and proximate cause of the conduct of Joplin, Cherokee, and/or Baxter Springs, Estate has suffered damages and Estate has the right to recover damages suffered by CLJC, including damages associated with the physical injury, pain and suffering, funeral expenses, burial expenses, future economic losses, lost earnings capacity, loss of future earnings capacity.

23. Pursuant to 42 U.S.C. 1988, Plaintiff Estate is entitled to an award of reasonable attorneys' fees.

Wherefore, Plaintiff Estate prays for Judgment in favor of the Estate and against Defendants Cherokee, Joplin, and Baxter Springs for compensatory damages, economic damages, reasonable attorneys' fees, costs, interests as allowed by law, and for any further relief this Court deems just and proper.

## COUNT II – Violation of 42 U.S.C. 1983
### *Estate v. Sniper One*

24. Estate restates the allegations in paragraphs 1-14 as if fully set forth herein.

25. On March 26, 2022, Sniper One violated one or more of CLJC's clearly established fundamental civil rights of:

    a. Right to be free from unreasonable seizure;

    b. Right to bodily integrity;

    c. Right to be free from cruel and unusual punishment; and/or

    d. Right to not be deprived of life without due process of law.

26. As a result of the acts and omissions by Sniper One, CLJC died.

27. CLJC suffered severe physical injury causing death.

28. CLJC suffered severe pain and suffering.

29. As a direct and proximate cause of the conduct of Sniper One, Estate has suffered damages and Estate has the right to recover damages suffered by CLJC, including damages associated with the physical injury, pain and suffering, funeral expenses, burial expenses, future economic losses, lost earnings capacity, loss of future earnings capacity.

30. Pursuant to 42 U.S.C. 1988, Plaintiff Estate is entitled to an award of reasonable attorneys' fees.

31. Sniper One's conduct was intentional, willful, and done with reckless indifference to the rights of CLJC. As such, an award of punitive damages against Sniper One is appropriate and necessary.

Wherefore, Plaintiff Estate prays for Judgment in favor of the Estate and against Defendant Sniper One for compensatory damages, economic damages, punitive damages, reasonable attorneys' fees, costs, interests as allowed by law, and for any further relief this Court deems just and proper.

## COUNT III – Violation of 42 USC 1983
### *Carla Crawford v. Joplin, Cherokee, and Baxter Springs*

32. Plaintiff Carla Crawford is the maternal grandmother of CLJC.

33. Plaintiff Carla Crawford is an heir of CLJC for purposes of bringing a wrongful death claim pursuant to Kansas State Statute 60-1901 and 60-1902.

34. CLJC has no surviving parents.

35. CLJC has no siblings.

36. CLJC has one paternal grandparent (Plaintiff Carla Crawford)

37. CLJC has one maternal grandparent (Rick Anderson).

38. Plaintiff Carla Crawford incorporates paragraphs 1-6 and 9-14 as if fully set forth herein.

39. Plaintiff Carla Crawford brings the wrongful death claims on behalf of herself and all heirs.

40. On March 26, 2022, Defendants Joplin, Cherokee, and/or Baxter Springs violated one or more of CLJC's clearly established fundamental civil rights of:

    a.  Right to be free from unreasonable seizure;

    b.  Right to bodily integrity;

    c.  Right to be free from cruel and unusual punishment; and/or

    d.  Right to not be deprived of life without due process of law.

41. Baxter Springs, Joplin, and Cherokee failed to adequately train the involved employees, including Sniper One, to handle the situation involved with this case.

42. Baxter Springs, Joplin, and Cherokee had multiple supervisors on scene and the supervisors failed to properly supervise the situation, including supervising Sniper One.

43. Sniper One was acting as an agent and/or representative of Joplin, Cherokee, and Baxter Springs at the time of these incidents.

44. As a result of the acts and omissions by Baxter Springs, Cherokee, and Joplin, CLJC died.

45. CLJC suffered severe physical injury causing death.

46. CLJC suffered severe pain and suffering.

47. As a direct and proximate cause of the conduct of Joplin, Cherokee, and/or Baxter Springs, Plaintiff Carla Crawford has suffered pecuniary losses/damages and non-pecuniary damages/losses.

48. Pursuant to 42 U.S.C. 1988, Plaintiff Carla Crawford is entitled to an award of reasonable attorneys' fees.

Wherefore, Plaintiff Carla Crawford prays for Judgment in favor of the Carla Crawford and against Defendants Cherokee, Joplin, and Baxter Springs for pecuniary damages, non-pecuniary damages, reasonable attorneys' fees, costs, interests as allowed by law, and for any further relief this Court deems just and proper.

## COUNT II – Violation of 42 U.S.C. 1983
### *Carla Crawford v. Sniper One*

49. On March 26, 2022, Sniper One violated one or more of CLJC's clearly established fundamental civil rights of:

    a. Right to be free from unreasonable seizure;

    b. Right to bodily integrity;

    c. Right to be free from cruel and unusual punishment; and/or

    d. Right to not be deprived of life without due process of law.

50. As a result of the acts and omissions by Sniper One, CLJC died.

51. CLJC suffered severe physical injury causing death.

52. CLJC suffered severe pain and suffering.

53. As a direct and proximate cause of the conduct of Joplin, Cherokee, and/or Baxter Springs, Plaintiff Carla Crawford has suffered pecuniary losses/damages and non-pecuniary damages/losses.

54. Pursuant to 42 U.S.C. 1988, Plaintiff Carla Crawford is entitled to an award of reasonable attorneys' fees.

55. Sniper One's conduct was intentional, willful, and done with reckless indifference to the rights of CLJC. As such, an award of punitive damages against Sniper One is appropriate and necessary.

Wherefore, Plaintiff Carla Crawford prays for Judgment in favor of Carla Crawford and against Defendant Sniper One for pecuniary damages, non-pecuniary damages, punitive damages, reasonable attorneys' fees, costs, interests as allowed by law, and for any further relief this Court deems just and proper.

## DESIGNATION OF TRIAL LOCATION

Plaintiffs hereby designate this case to be tried in the United States District Court for the District of Kansas - Kansas City Division/Courthouse.

## JURY TRIAL DEMAND

Plaintiffs hereby demand that this case be tried by jury.

Respectfully Submitted,

THE O'BRIEN LAW FIRM

*/s/ Grant C. Boyd*
BY:_____
Grant C. Boyd 67362MO / KSDC #79084
The O'Brien Law Firm
815 Geyer Avenue
St. Louis, Missouri 63104
(314) 588-0558 – PHONE
(314)-588-0634 – FAX
ATTORNEYS FOR PLAINTIFFS