UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ESTATE OF C. L. J. L., et al.,

    Plaintiffs,

v.

CITY OF JOPLIN, MISSOURI, et al.,

    Defendants.

Case No. 23-2134-EFM-RES

**AGREED PROTECTIVE ORDER
CONCERNING RECORDS TO BE PRODUCED FROM
THE KANSAS BUREAU OF INVESTIGATION**

    This matter comes before the Court on the parties' Joint Motion for Protective Order, ECF No. 18, acting at the request of non-party the Kansas Bureau of Investigation ("KBI"). The parties agree that to protect the privacy of the parties as well as of persons unrelated to the above-captioned case and the confidential nature of the subject criminal investigation records, entry of a protective order is appropriate.

    Plaintiffs served a subpoena on nonparty KBI requesting production of the following (collectively, the KBI Records"):

- Complete copies of all reports, narratives, supplemental reports, and writings related to the investigation into incidents occurring on March 26, 2022, in which Eli Crawford, Taylor Shutte and "CLJC" (potentially incorrectly identified in multiple documents as "**REDACTED**") died.

- A complete copy of all witness statements, including recordings of witness statements or interviews related to the investigation into incidents occurring on

    March 26, 2022, in which Eli Crawford, Taylor Shutte and "CLJC" (potentially incorrectly identified in multiple documents as "**REDACTED**") died.

- Complete copies of all videos, pictures, photographs, documents, writings, memoranda, notes, and/or investigative findings related to the investigation into incidents occurring on March 26, 2022, in which Eli Crawford, Taylor Shutte and "CLJC" (potentially incorrectly identified in multiple documents as "**REDACTED**") died.

KBI contends that all KBI Records responsive to the subpoena that are within the KBI's possession are "criminal investigation records" pursuant to K.S.A. § 45-217(e). The KBI objected to the subpoena on such basis and identified within its objection the responsive KBI Records believed to be within its possession. The KBI agreed to produce the responsive KBI Records within its possession, provided that the parties to the above-captioned case be subject to a protective order specifically designating all KBI Records to be provided by the KBI in response to the subpoena as "Confidential Information."

The parties agree that protection of the KBI Records is necessary to prevent the disclosure of matters deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this case and to facilitate discovery in this case. The Order is necessary to protect the privacy interests of both parties and non-parties and to protect the KBI Records, which are restricted by state statute, from disclosure and use outside the immediate case. The parties contend that the privacy interests in such information substantially outweigh the public's right of access to the KBI Records.

For good cause shown under Fed. R. Civ. P. 26(c), the Court grants the parties' Joint Motion for Protective Order and enters the following Protective Order:

1. The Court orders that all KBI Records produced by the KBI in response to the subpoena, which the KBI contends meet the definition of "criminal investigation records" as defined by K.S.A. § 45-217(e), can be designated "Confidential Information" and subject to the terms of this Order. Specifically, the KBI Records may be used only for purposes of informing and aiding the parties in a mediation scheduled June 8, 2023. Absent further orders from the Court and regardless of the outcome of the mediation, any and all copies of the KBI Records will be deleted or destroyed on June 9, 2023. Appropriate certification of destruction must be provided to the KBI upon demand.

2. Any personally identifiable information (PII), including driver's license numbers, dates of birth, addresses, phone numbers, and all other PII as defined under Kansas Supreme Court Rule 24, within the KBI Records shall be redacted prior to the production of the KBI Records.

3. Access to the KBI Records shall be limited to counsel for the named parties, persons employed by counsel, contractors performing copying or organizing of documents for counsel, court reporters, the Court and Court staff, mediators, expert witnesses, and the relevant insurance company adjustors, unless the Court orders otherwise in the future. No other persons shall be permitted to view, take control, possess, or retain the KBI Records, or any copies produced thereof. The parties shall limit the duration of an authorized person's access to the KBI Records to the minimum time necessary to perform any of the allowed purposes set forth in this Order.

4. Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of this case. Even after the final

disposition of this case, a party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Order.

5. This Order is subject to modification by the Court on its own motion or the motion of any party, the KBI, or any other person with standing concerning the subject matter. If any person with standing concerning the subject matter seeks modification of this Order, they shall provide timely notice to the KBI and/or any other party regard any such request.

6. This Order will take effect when entered and is binding upon all persons made subject to this Order by its terms, including all individuals listed in Paragraph 3 above.

7. If additional persons or entities become parties to this case, they must not be given access to any Confidential Information until they provide all parties and the KBI with their written agreement to be bound by the provisions of this Order .

8. If any recipient of the KBI Records covered by this Order is served with any subpoena or order outside the scope of this case, which could compel disclosure of any KBI Records, that person must so notify the KBI in writing, immediately, but in no event more than ten (10) business days after receiving the subpoena or order and provide the KBI a copy of the subpoena or court order commanding disclosure of the KBI Records. The receiving party also must immediately inform in writing the party who caused the subpoena or order to be issued that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the

       other action that caused the subpoena or order to be issued. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the KBI an opportunity to protect its Confidential Information in the court from which the subpoena or order was issued. Nothing in these provisions should be construed as authorizing or encouraging a receiving party to disobey a lawful directive from another court.

**9.** If any dispute arises regarding this Order, the objecting party must meet and confer in good faith to resolve the dispute or objection informally without judicial intervention. Before filing any motion, the parties must first arrange for a telephone conference with the undersigned magistrate judge as required by D. Kan. Rule 37.1(a). Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information.

**10.** This Order is entered based on the parties' representations and agreements for the purpose of facilitating discovery and mediation. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

**IT IS SO ORDERED.**

Dated: May 11, 2023, in Topeka, Kansas.

                                              /s/ Rachel E. Schwartz
                                              Rachel E. Schwartz
                                              United States Magistrate Judge