IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ESTATE OF CLJC, et al.,

    *Plaintiffs,*

vs.

CITY OF JOPLIN, et al.,

    *Defendants.*

Case No. 23-CV-2134-EFM

**MEMORANDUM AND ORDER**

    This case returns to the Court on Defendant City of Joplin's Motion to Reopen Case for Limited Purpose of Declaring Rights (Doc. 52). After reviewing the parties' submissions, the Court denies Defendant's motion.

    On March 26, 2022, CLJC, a minor, was shot and killed during a hostage situation in Baxter Springs, Kansas. CLJC's estate filed suit on March 24, 2023, asserting claims under 42 U.S.C. § 1983 and K.S.A. § 60-1901 against the Defendants City of Joplin, Missouri ("Joplin City"), City of Baxter Springs, Kansas, Cherokee County, Kansas, and "Sniper One," a Joplin City law enforcement officer.

    The investigation into the incident was primarily handled by the Kansas Bureau of Investigations ("KBI"). The plaintiffs issued a subpoena to the KBI for all records related to the incident, and the KBI agreed to produce them for the parties' settlement discussions pursuant to a protective order. On May 11, 2023, the Court entered a Protective Order stating that all records

produced pursuant to the subpoena can be designated "Confidential Information" and are subject to the terms of the Order.  The Protective Order further stated that the records may only be used for mediation purposes and that they must be destroyed by June 9, 2023.  The Court subsequently modified the Protective Order to extend the date to destroy the records from June 9, 2023, to August 31, 2023.

On August 15, 2023, the parties engaged in mediation and reached a settlement agreement. Sometime in September or October 2023, the KBI provided its investigation report to acting Chief Lewis of the Joplin, Missouri Police Department for use in an internal investigation unrelated to this case.  Those records were provided from one law enforcement agency to another and once provided became the records of the City of Joplin, Missouri Police Department.

On November 16, 2023, the Court approved the parties' settlement agreement and allocation of settlement funds and closed the case.  Since then, Joplin City has received requests for copies of all records it has in its possession regarding the hostage incident, including the KBI investigation report.  Joplin City thus moves the Court to reopen the case asking the Court to enter an order clarifying the status of the KBI investigation report given to acting Chief Lewis and determining whether the Protective Order in this case is still valid and binding upon the parties. The KBI, as an interested party, filed a response in opposition to Joplin City's motion.  The KBI contends that its investigation report is not subject to the Protective Order, and thus any requests for it should be dealt with according to the Missouri Open Records law.

The Court agrees with the KBI.  Although "a federal court may consider collateral issues after an action is no longer pending,"[1] there are no collateral issues for the Court to consider here

---

[1] *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990).

because the KBI investigation report given to acting Chief Lewis is not subject to the Protective Order. According to paragraph 1, the Protective Order covers those records produced by the KBI in response to the subpoena, and those records should have been destroyed by August 31, 2023. The report given to acting Chief Lewis was produced after August 31, 2023, for purposes unrelated to this litigation. Thus, it is not subject to the Protective Order's requirements. Accordingly, Joplin City's Motion to Reopen Case is denied.

**IT IS THEREFORE ORDERED** that City of Joplin, Missouri's Motion to Reopen Case for Limited Purpose of Declaring Rights (Doc. 52) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 1st day of October, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE